### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONVERSE, INC.,<br>a Delaware Corporation,<br><br>          **Plaintiff,**<br><br>v.<br><br>REEBOK INTERNATIONAL LTD.,<br>a Massachusetts Corporation,<br><br>          **Defendant.** | Case No.: 01-12249 RCL |

### **CONSENT JUDGMENT AND ORDER**

This matter having come before the Court on the motion of Plaintiff Converse Inc. ("Converse") for a temporary restraining order against Defendant Reebok International Ltd. ("Reebok"); and

The Court having issued an Assented-To Temporary Restraining Order pursuant to an agreement between the parties; and

The claims asserted by the Plaintiff in this action having now been resolved pursuant to the parties' Settlement Agreement dated December 27, 2001; and

Reebok, although not admitting any liability whatsoever, has acknowledged the validity, the proprietary nature, and Converse's ownership of: (i) the trademark ALL STAR, (ii) the trademarks registered in United States Trademark registrations numbered (369,971), (1,138,468), (1,138,469), (1,146,876), (1,490,262), and (2,098,296) and these registrations themselves (the "Registrations"), and (iii) all common law and statutory rights in the trademark ALL STAR and

17/444147.2



the trademarks registered in the Registrations, (collectively referred to as the "Converse Trademarks"), and Reebok has agreed that it will not challenge the validity or enforceability of the Converse Trademarks in any action or proceeding in any judicial, administrative or other forum;

IT IS HEREBY ORDERED:

1. This Court has jurisdiction over the subject matter and the parties to this dispute, and venue is proper in this District.

2. Plaintiff Converse Inc. is the lawful owner of the Converse Trademarks and the common law and statutory rights attendant thereto.

3. Defendant Reebok International Ltd., its officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, as well as anyone who receives actual notice of this ORDER by personal service or otherwise, are hereby PROHIBITED FROM:

(a) using in any manner in connection with the manufacture, distribution, promotion, marketing, advertising, sale or offer for sale, of any footwear or clothing product (or eyewear or sports bags or packs), the designation or mark ALL-STAR, the Converse Trademarks or any other name, term phrase, mark, device or symbol which resembles or is similar to the Converse Trademarks so as to be likely to cause confusion, mistake or deception as to source, origin, sponsorship, approval, affiliation or the like; and

(b) using in any manner in connection with the manufacture, distribution, promotion, marketing, advertising, sale or offer for sale, of any footwear or clothing product (or

eyewear or sports bags or packs), any colorable imitation of the Converse Trademarks, or any other false designation of origin, or false representations, or otherwise commit any acts of unfair competition or deceptive trade practices which may lead the public to believe that a product not originating with Converse is Converse's product or that Defendant's products are authorized by, affiliated with or approved by Converse.

4. This CONSENT JUDGMENT AND ORDER is not intended to prohibit conduct that is permitted or authorized pursuant to a valid license granted or to be granted by Converse to Reebok. In particular, the parties have represented that Converse has granted to Reebok a limited non-exclusive license, in exchange for valuable consideration, as part of the Settlement Agreement.

5. Each party shall bear its own costs and expenses incurred in connection with this litigation.

6. This Court shall retain jurisdiction over the parties for the purpose of enforcing this CONSENT JUDGMENT AND ORDER or resolving any dispute which may arise over the interpretation of the parties' Settlement Agreement.

SO ORDERED THIS 28 DAY OF DECEMBER, 2001.

By the Court:

Reginald C. Lindsay
United States District Court Judge

17/444147.2

- 3 -